IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARVIN OUTIN,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL ASTRUE,<br><br>Commissioner of Social Security<br>Administration,<br><br>        Defendant.<br>_____/ | No. C 10-1764 CW<br><br>ORDER GRANTING THE<br>PARTIES' MOTIONS FOR<br>REMAND FOR FURTHER<br>PROCEEDINGS AND DENYING<br>PLAINTIFF'S MOTION FOR AN<br>AWARD OF BENEFITS |

Plaintiff Marvin Outin moves for remand for an award of benefits or, in the alternative, for remand for further proceedings. Defendant Michael Astrue in his capacity as Commissioner of the Social Security Administration (Commissioner) joins in Plaintiff's motion for remand for further proceedings. Having considered all of the papers filed by the parties, the Court GRANTS the parties' motions for remand for further proceedings and DENIES Plaintiff's motion for remand for an award of benefits.

PROCEDURAL BACKGROUND

On January 21, 2004, Plaintiff filed an application for Title XVI benefits, alleging an onset of disability on September 23, 2003, due to tuberculosis. This claim was denied initially and on reconsideration. On July 6, 2006, a hearing was held before Administrative Law Judge (ALJ) Robert Wenten, who, on October 27, 2006, issued an unfavorable decision. On December 5, 2007,

United States District Court
For the Northern District of California

Plaintiff filed a request for judicial review in this Court, which was remanded for further proceedings pursuant to a stipulation by the parties.   See Case Number C-07-3781 CW.   The remand order required the ALJ to hold a new hearing to consider further Plaintiff's residual functioning capacity, credibility and the combined effect of Plaintiff's impairments in light of the medical evidence.   The order also instructed the ALJ to reassess the medical evidence, to consider the materiality of Plaintiff's drug and alcohol abuse and to determine whether it is possible to separate it from his other symptoms.   C-07-3781 CW, Docket No. 17. In the meantime, on February 26, 2007, Plaintiff filed a new initial claim alleging an onset of disability on September 23, 2003 due to joint pain, arthritis and mental impairments.   The 2007 claim was denied initially and upon reconsideration, after which Plaintiff requested a hearing before an administrative law judge. In January and April 2009, a hearing was held before ALJ Wenten to address both the remand and the new claim for benefits.   On December 23, 2009, the ALJ issued an unfavorable decision, and Plaintiff, as instructed by the Appeals Council, immediately filed a request for judicial review.   The ALJ's December 23, 2009 decision is now before this Court.

FACTUAL BACKGROUND

Plaintiff was born on February 12, 1955 and, at the time of the 2009 hearing, was fifty-four years old.   He is unmarried, and has been homeless, but now lives with his sister.   Plaintiff has no more than a high school education and has worked as an unskilled laborer.   From September 23 to November 4, 2003, Plaintiff was

2

hospitalized for tuberculosis, and outpatient treatment continued through July, 2004.

Plaintiff has a history of pain.  Dr. Ken Matsumura, Plaintiff's treating physician, diagnosed him with arthritis.[1]  In an August 1, 2006 letter summarizing Plaintiff's physical symptoms, Dr. Matsumura wrote:

> Mr. Outin's arthritis causes him ongoing joint pain throughout his body.  In particular, he suffers severe neck and back pain which significantly limits his range of motion and ability to engage in sustained physical activity.  Mr. Outin also suffers from ongoing severe fatigue.

Administrative Record (AR) 267.

In October, November and December 2005, Plaintiff underwent extensive neuro-psychological testing by Dr. Michael Noronha, Ed.D.  Dr. Noronha diagnosed Plaintiff with cognitive and learning disorders, undifferentiated somatoform disorder,[2] adjustment disorder with mild anxiety and depressed mood, and chronic alcohol dependence in sustained full remission.  AR 262 (Dr. Noronha's January 31, 2006 Neuropsychological Evaluation).

Plaintiff has a documented history of alcohol abuse, but also has documented periods of sobriety or decreased use.  In Dr. Noronha's 2006 Evaluation he reported that Plaintiff told him:

---

[1]Counsel for Plaintiff indicates that, although Plaintiff testified at the 2009 hearing that he still sees Dr. Matsumura every other week, the last treatment note from Dr. Matsumura in the file is dated August 2006.

[2]Undifferentiated somatoform disorder occurs when a person has physical complaints for more than six months that cannot be attributed to a medical condition.  On-line Encyclopedia of Mental Disorders, http://www.minddisorders.com/Py-Z/Undifferentiated-somatoform-disorder.html (last visited April 22, 2011).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6

In his 30's he got drunk regularly on hard liquor and was arrested about 10 times for alcohol related incidents. In his 40's he drank during the day when not working and on weekends when he was employed. He feels that the daytime drinking was "social" because he drank with his group of friends in the afternoons and then usually went home. He usually drank up to a six-pack of beer or had some hard liquor. Since his illness he has cut way down on his drinking because he "can't handle it." He no longer drinks regularly and when he does, he drinks up to three beers on a given occasion.

7   AR 250.

8   In 2009, Plaintiff was given another battery of psychological

9  tests by Dr. Ede Thomsen, Ph.D. Plaintiff told Dr. Thomsen that he

10  did not have any substance abuse problems. AR 558. Dr. Thomsen

11  noted:

12
13
14
15
16

Mr. Outin was clean and sober at the time of prior psychosocial testing and reported during the current evaluation that he was sober--consistent with observations--and had not had a drink in the past couple of days, then it was one beer. Therefore, the finding [sic] of this evaluation, which are consistent with the past evaluation, would not be changed if he were to stop all alcohol use.

17  AR 554.

18  Dr. Thomsen summarized her findings as follows:

19
20
21
22
23

Overall, Mr. Outin has difficulty with attention, concentration, and executive functioning. Because of this he will need extra time to process, learn, and retain new information. He has difficulty making decisions, coming up with effective solutions to problems, and managing daily tasks and affairs due to his symptoms of depression and anxiety. He has trouble participating in and accurately reading social situations which could interfere with accurate reasoning and sound judgment.

24

The results of the assessment indicate that Mr. Outin has a Dysthymic Disorder.[3] He also evidences anxiety. He has

25
26
27

    [3]Dysthymia "is a chronic type of depression in which a person's moods are regularly low." The symptoms are not as severe as with major depression. PubMed Health, National Institutes of Health, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001916 (last

28

> experienced depression and anxiety since he was diagnosed
> with tuberculosis in 2003.  His mental illnesses are
> functionally disabling for Mr. Outin.  He was diagnosed
> with depression and anxiety in 2006 and meets even more of
> the criteria for those disorders currently, indicating
> that he has decompensated since that time.

AR 563.  Dr. Thomsen diagnosed Plaintiff with Dysthymic Disorder,

Anxiety Disorder, Cognitive Disorder, Learning Disorder and Alcohol

Dependence in Sustained Full Remission.  AR 563.

In his December 23, 2009 decision, the ALJ found that "the

record was insufficient to show a 'severe' medically determinable

arthritic impairment, or any other musculoskeletal impairment, or

any physical impairment of [sic] combination of impairments."  AR

374.  In regard to mental functioning, the ALJ found that

> the evidence establishes a "mild" restriction of
> activities of daily living, "mild" difficulties in
> maintaining social functioning, and "mild" difficulties in
> maintaining concentration, persistence, or pace, with no
> episodes of decompensation. . . . Due to the above-
> described mental impairment, <u>including</u> alcohol dependence,
> the claimant cannot perform his past relevant work as a
> construction laborer or even "sedentary" work on a
> sustained, 8 hours per day, 40 hours per week basis in a
> competitive employment setting.  The unskilled sedentary
> occupational job base is substantially eroded by the
> combined impact of the claimant's mental and DAA[4]
> impairment, leading to a conclusion of "disabled."
>
> The claimant has failed to provide reliable evidence to
> establish that, absent the DAA condition, his mental
> impairments would continue to preclude him from again
> performing simple, unskilled, entry-level work at
> virtually any exertional level.  On this basis, absent
> DAA, Medical-Vocational Rule 204.00 of Appendix 2, Subpart
> P, Regulations no. 4 would demand a conclusion of "not
> disabled," using that Rule as a framework.  20 C.F.R.
> § 416.920(g).

AR 374-75.

---

visited April 19, 2011).

[4]DAA is an acronym for drug and alcohol abuse.

5

United States District Court
For the Northern District of California

LEGAL STANDARD

A court may set aside the Commissioner's denial of disability benefits only when his findings are based on legal error or are not supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as "more than a mere scintilla but less than a preponderance."  Id. at 1098.  The court must consider the entire record, weighing both the evidence that supports and contradicts the Commissioner's conclusion.  Id.

A court has discretion to remand the case for further administrative proceedings or simply to order payment of benefits.  Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989).  An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings or when the record has been fully developed and there is insufficient evidence to support the ALJ's conclusion.  Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989).  Remand for further proceedings is appropriate where additional proceedings could remedy defects.  Id.  However, where remand would only delay the receipt of benefits, judgment for the plaintiff is appropriate.  Id.

The Commissioner must apply a five-step sequential process to evaluate a disability benefits claim.[5]  The claimant bears the

---

[5] The five steps of the inquiry are:

1. Is the claimant presently working in a substantially gainful activity?  If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two.  See 20 C.F.R. § 404.1520(b).

2. Is the claimant's impairment severe?  If so, proceed to

6

**United States District Court**
For the Northern District of California

burden of proof in steps one through four.  <u>Bustamante v. Massanari</u>, 262 F.3d 949, 953-954 (9th Cir. 2001).  The burden shifts to the Commissioner in step five.  <u>Id.</u> at 954.

A finding of disability under the five-step inquiry does not automatically qualify a claimant for benefits.  Under the Contract with America Advancement Act (CAAA), 42 U.S.C. §§ 423(d)(2)(C) and 1382c(a)(3)(J), a claimant "shall not be considered disabled for the purposes of [receiving benefits] if alcoholism or drug addiction [is] a contributing material factor to the Commissioner's determination that the individual is disabled."  <u>Id.</u>; <u>Bustamante</u>, 262 F.3d at 954.  Thus, if the claimant would not be disabled if he or she stopped using alcohol or drugs, the Commissioner must deny his or her benefits claim.  <u>Ball v. Massanari</u>, 254 F.3d 817, 822 (9th Cir. 2001); 20 C.F.R. § 416.935.  An ALJ must first conclude that a claimant is disabled before determining whether substance abuse materially contributes to the identified disability.  <u>Bustamante</u>, 262 F.3d at 955.  If and only if the five-step evaluation results in a finding of disability, the ALJ should then

---

step three.  If not, then the claimant is not disabled.  <u>See</u> 20 C.F.R. § 404.1520(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Subpart P, Appendix 1?  If so, then the claimant is disabled.  If not, proceed to step four.  <u>See</u> 20 C.F.R. § 404.1520(d).

4. Is the claimant able to do any work that he or she has done in the past?  If so, then the claimant is not disabled.  If not, proceed to step five.  <u>See</u> 20 C.F.R. § 404.1520(e).

5. Is the claimant able to do any other work?  If so, then the claimant is not disabled.  If not, then the claimant is disabled.  <u>See</u> 20 C.F.R. § 404.1520(f).

7

decide whether the claimant would still be disabled if he or she stopped using drugs or alcohol. Id.  The claimant has the burden of proving that alcoholism is not a contributing factor material to his disability.  Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007).

DISCUSSION

Plaintiff seeks a remand for an award of benefits, arguing that the ALJ committed the following errors: (1) rejecting the opinion of Dr. Matsumura, Plaintiff's treating physician, without providing specific, legitimate reasons supported by substantial evidence; (2) failing to recontact Dr. Matsumura for clarification; (3) rejecting the opinions of the examining psychologists without providing specific and legitimate reasons supported by substantial evidence or recontacting the psychologists for clarification; (4) referring Plaintiff to a consultative examiner who had been sent prejudicial information about him; (5) failing to consider the combined effects of all Plaintiff's impairments; (6) finding the record insufficient to show any physical impairment; (7) failing to consider the entire record and to provide clear and convincing reasons for discounting Plaintiff's credibility; (8) failing to follow the directions of this Court on remand; (9) finding that DAA is a contributing factor material to the determination of disability; and (10) imposing an improperly high burden of proof on Plaintiff to establish that DAA is not a contributing factor material to a finding that he is disabled.

Defendant does not dispute that the ALJ made the errors cited by Plaintiff, but argues for remand to allow him to make additional evidentiary findings by: (1) seeking and considering the missing

8

diagnostic and assessment sections of the report of consulting examiner Sokley Khoi, PhD, who performed a neuropsychological examination on Plaintiff; (2) obtaining clarification from physical and mental medical sources, with additional medical documentation provided by Plaintiff; and (3) developing the record to determine the materiality of Plaintiff's substance abuse to his current mental condition.

The Court finds that, even if all the errors noted by Plaintiff were committed, there is insufficient evidence in the record for a determination that he must be awarded benefits. As noted by Plaintiff in his motion, although he testified at his 2009 hearing that he was still seeing Dr. Matsumura every other week, the most recent record in the file from Dr. Matsumura is from 2006. Pl.'s Motion at 6. Nor does the file contain any records from any other treating source after 2006. Thus, the administrative file lacks evidence of physical impairment from 2006 to the present. Remand will provide Plaintiff with an opportunity to rectify this situation by either obtaining the missing records from Dr. Matsumura, if there are any, or by seeing another physician. Likewise, remand will provide the Commissioner an opportunity to obtain a report from a consulting examiner that is objective and untainted by prejudicial information.

The Court also notes that, although Plaintiff continues to claim a disability onset date of September 23, 2003, the date he was diagnosed with tuberculosis, at the hearings before the ALJ, Plaintiff's attorney twice offered to change the onset date to two more recent dates, apparently in an effort to conform the onset date

United States District Court
For the Northern District of California

to the evidence.  Remand will allow Plaintiff to reconsider his claimed onset date.  See 20 C.F.R. § 404.1512; Lewis v. Astrue, 2010 WL 132888, *14 (E.D. Cal.) (plaintiff has burden to come forward with evidence showing an impairment from his claimed onset date).

Furthermore, at the April 2009 hearing before the ALJ, Plaintiff's counsel argued that Plaintiff's advanced age of almost fifty-five was a factor in the determination of whether he was disabled.  However, the ALJ did not take age into consideration. See 20 C.F.R. § 416.963(a) ("when we decide whether you are disabled . . . we will consider your chronological age in combination with your residual functional capacity, education, and work experience. . . . [W]e consider advancing age [fifty-five or older] to be an increasingly limiting factor in the person's ability to make [an adjustment to other work]"); 20 C.F.R. § 416.968(4) (claimants fifty-five or older, with severe impairments that limit them to sedentary or light work, will be found not able to make an adjustment to other work unless they have skills that are transferable to other skilled or semi-skilled work).  It is undisputed that Plaintiff's previous work was unskilled physical labor; therefore, sections §§ 416.963 and 416.968 may be applicable to whether he is disabled.

In regard to whether DAA is a contributing material factor to the determination of whether Plaintiff is disabled, the ALJ failed to follow 20 C.F.R. § 416.935(b)(2).  Under this regulation, the ALJ must first evaluate which of Plaintiff's current physical and mental limitations, upon which he based his disability determination, would remain if he stopped using drugs or alcohol and then determine

10

whether any or all of the remaining limitations would be disabling.
As explained in <u>Brueggemann v. Barnhart</u>, 348 F.3d 689, 693-95 (8th
Cir. 2003), even though it is the claimant's burden to prove that
DAA is not a contributing factor, it is the ALJ's responsibility to
develop a full and fair record and, if the ALJ is unable to
determine whether DAA is a contributing factor to the otherwise
acknowledged disability, the claimant's burden has been met and an
award of benefits must follow; <u>see also</u> <u>Reid v. Astrue</u>, 2009 WL
5062143, *9 (N.D. Cal.) (remanding because, among other things, ALJ
failed to explain how and to what extent claimant's substance abuse
contributed to his disability).

     Based on the foregoing, the Court remands this case for further
proceedings.  Defendant proposes that the Court include four
instructions to the ALJ in the remand order and Plaintiff proposes
two more instructions.  Based upon these suggestions, the Court
orders the following:

     Upon remand, the Office of Disability Adjudication and Review
will remand this case to an ALJ who has not previously heard this
case, and instruct the ALJ to take the following actions:

     Develop the record by seeking the full report of consulting
     examiner Dr. Sokley Khoi and obtain other medical evidence
     regarding Plaintiff's physical and mental impairments necessary
     to make a determination of disability.  Any medical evidence
     must be obtained in accordance with POMS § DI 22510.017B
     (prohibiting ALJ from offering any opinion to consultative
     examiner about severity of claimant's impairments or making any
     statement or comment that would be prejudicial to the
     claimant).

     Allow Plaintiff to submit further evidence of his physical and
     mental impairments.  Allow Plaintiff to change the onset date
     of his disability, if he decides to do so.

     Reassess Plaintiff's credibility by considering the entire

United States District Court
For the Northern District of California

record and providing clear and convincing reasons for any
negative determination.

Further evaluate the medical evidence of record, any new
medical evidence submitted by Plaintiff and Plaintiff's
characteristics such as age and education in determining
Plaintiff's residual functional capacity and explain any
discrepancies between the medical evidence and the
ultimate findings.

Further consider the combined effects of Plaintiff's
impairments in light of the relevant medical evidence when
determining Plaintiff's residual functional capacity.

Determine if Plaintiff is disabled without segregating out the
effects that might be due to alcohol or drug use.  Next,
evaluate whether Plaintiff's history of drug and alcohol abuse
is material to the disability finding by first determining
which physical and mental limitations would remain if Plaintiff
stopped using alcohol or drugs, and then determining if the
remaining limitations would be disabling.  The ALJ shall
require Plaintiff to establish by a preponderance of the
evidence that drug and alcohol abuse is not a material
contributing factor to his disability.

CONCLUSION

    For the foregoing reasons, the parties' motions for remand for

further proceedings are GRANTED, and Plaintiff's motion for summary

judgment for an award of benefits is denied (Docket Nos. 17 and 24).

On remand, the Commissioner shall follow the instructions indicated

above.

    IT IS SO ORDERED.


Dated:    8/9/2011                    _Claudia Wilken_____
                                      CLAUDIA WILKEN
                                      UNITED STATES DISTRICT JUDGE